## Henry Still et al., Executors, Appellees, v. Edward Still, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Henry, James and Charles Still, executors of the estate of Ann Still, deceased, against Edward

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Still in forcible detainer to recover the possession of certain lands occupied by the defendant under a lease from the deceased. The suit was originally brought before a justice of the peace, from whose judgment an appeal was taken to the Circuit Court where plaintiffs had judgment. To reverse the judgment, defendant appeals.

The facts show that Thomas Still owned the premises in his lifetime and that on his death devised the same to his wife, Ann Still; that the defendant at the time of the death of Thomas Still was occupying the premises and had occupied them for twenty-five years prior thereto under some arrangement, and that after the probate of the will continued to occupy them; that Ann Still brought a forcible detainer suit against him for possession and rent and recovered a judgment; that afterwards the defendant desiring to keep the farm agreed upon a settlement of the judgment and his mother, Ann Still, executed a lease to him for a year, which failed to properly describe the land; that defendant paid one-half the rent and refused to surrender possession at the end of the year, whereupon this suit was brought.

Defendant urges as ground for reversal: First, that the lease was procured by threats and intimidation; second, that the description in the lease does not describe the land occupied by defendant; and third, that Ann Still never had possession or the right of possession to the premises in controversy.

John J. Brenholt, for appellant.

C. H. Burton, for appellees.

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1.  LANDLORD AND TENANT, § 42*—*when lease not avoided by threats or intimidation.* To avoid a lease on the ground it was procured by threats or intimidations, the threats or intimidation must be present and operative at the time of signing the instrument and such as to destroy the complaining party's free agency and make his act not his own but the act of another.

2.  FORCIBLE ENTRY AND DETAINER, § 24*—*when misdescription in lease no defense.* A misdescription of the premises in a lease is properly explained as a mistake and will not defeat recovery in an action of forcible detainer, where the tenant says the premises he occupied were the same as involved in the suit.

3.  LANDLORD AND TENANT, § 132*—*when tenant estopped to deny landlord's title or right to possession.* A tenant who has taken a lease and paid rent to the lessor as landlord is estopped from either questioning his title or right to possession so long as he remains his tenant.